UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Norbert Sturdevant,                                   File No. 19-cv-1068 (ECT/ECW)

    Plaintiff,

v.                                                    **OPINION AND ORDER**

Joel L. Brott, Sheriff and Chief Jailor,
Sherburne County; Mark Fritel, County Jail
Program Coordinator; Don Ryther, Jail
Chaplain, Sherburne County Jail,

    Defendants.

_____

Norbert Sturdevant, pro se.

Susan M. Tindal and Andrew A. Wolf, Iverson Reuvers Condon, Bloomington, MN for Defendants.

---

    Pro se Plaintiff Norbert Sturdevant filed this § 1983 case while in U.S. Marshals Service custody at the Sherburne County Jail in Elk River, Minnesota. He has since been released from custody. Sturdevant alleges that Sherburne County Jail officials violated his rights under the United States Constitution and other laws when they denied his requests to accommodate his Native American religious beliefs. Sturdevant seeks declaratory and injunctive relief and compensatory and punitive damages from Defendants in their official and individual capacities. Defendants have moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Defendants' motion will be granted because there is not subject-matter jurisdiction over Sturdevant's claim for prospective relief and Sturdevant's claims for damages are not plausible.

The facts are taken from Sturdevant's complaint, documents embraced by the complaint, and public records relevant to Sturdevant's claims. Sturdevant was held at the Sherburne County Jail for nearly two years, from August 2017 to July 2019, on a federal charge of failing to register as a sex offender. *United States v. Sturdevant*, No. 17-cr-00184-ADM-DTS (D. Minn. Aug. 21, 2019) [ECF No. 7, 9]. He pleaded guilty to this charge in March 2018, but for various reasons, his sentencing did not occur until August 2019. *Id.* [ECF Nos. 43, 45, 78]. Sturdevant then was sentenced to time served (totaling nearly two years) and five years of supervised release. *Id.* [ECF No. 78]. While in the Sherburne County Jail, Sturdevant filed several requests and grievances seeking the provision of various ceremonies and items significant to his Native American religious practices. *See* Compl. Ex. 1 at 1–15, 19–21 [ECF No. 1-1]. He requested a "Native American pipe ceremony and sweat lodge," or alternatively, a "Native American church ceremony." *Id.* at 1. He complained that the jail's books cart contained "several Bibles and Christian books," and that Christians were permitted "to meet with outside religious practitioners," while Native Americans were not afforded the same opportunity, and that he considered the "alleged Indian Bible" the jail provided "a mockery to Native Americans." *Id.* at 6. He also requested a "religious allowance" to obtain an "eagle feather" and "spiritual offering dish," and to be permitted to participate in a pipe ceremony and "group talking circle." *Id.* at 13. Jail officials denied these requests based on security and safety concerns and a lack of volunteers willing to conduct the requested services. *See, e.g.*, *id.* at 14. Sturdevant was notified that his requests for a pipe ceremony and sweat lodge were denied "to ensure safety and security within the institution" and because of "fire

2

hazard concerns." *Id.* at 11; *see also id.* at 1, 14. He was told that the books on the jail's books cart were not selected by jail staff, but by his fellow detainees. *Id.* at 7. (Sturdevant requested and received other religious reading materials. *Id.* at 14.) Sturdevant also was advised that, while the religious items he requested were, in general, "not allowed for security reasons" (*id.* at 4), he might be permitted to use items like an eagle feather and offering dish "in a 1 on 1 setting with an approved clergy professional" (*id.* at 11, 14). Several jail officials noted that Sturdevant could request a specific religious counselor of any faith, or request that the jail attempt to locate a counselor willing to visit him, but that religious professionals must go through an approval process. *Id.* at 11, 14. At that time, jail officials tried but were unable to locate a volunteer willing to provide Native American religious services in the jail. *Id.* at 14; *see also id.* at 1, 2, 7, 11. One response noted specifically that Sturdevant's "request for a group talking circle is a form of religious programming we would provide if we had willing clergy professionals." *Id.* at 14.

Sturdevant filed this case under 42 U.S.C. § 1983 claiming that the denial of his requests violated his rights under the United States Constitution and other laws. Compl. [ECF No. 1]. Sturdevant alleges that by denying him the right to possess an eagle feather and spiritual offering dish, and to participate in a group talking circle and (separately) a pipe ceremony, the Defendants "attempt[ed] to force [him] to change or modify his religious practices," and that the Defendants knowingly, "habitually, and routinely violate[d] with deliberate indifference the Constitution of the United States, the Constitution of the State of Minnesota, and all Federal Laws enacted for the Protection of Native American Religious Exercise and Practice of Traditional Religious Rites and

3

Rights," as well as "the law enacted for the protection of . . . Native Americans With Disabilities." *Id.* at 7. Sturdevant also alleges that Defendants denied him equal protection under the U.S. Constitution because "Christians are allowed to gather in groups at least twice a week" while Native Americans are not. *Id.* at 8. Sturdevant claims that the jail's restrictions on Native American religious practices constitute "cruel and unusual punishment," and that, as a result, he has suffered "emotional, mental anguish and misery." *Id.* at 7. For relief, Sturdevant seeks: (1) a declaratory judgment that the Defendants violated his constitutional rights; (2) injunctive relief in the form of an order requiring Defendants "to establish a staff supervisor for Native American Religious Practices," and "to provide religious accommodation" for Native American religious practices; and (3) compensatory and punitive damages "from each of the Defendants, jointly and severally, in their official and individual capacities," totaling $900,000. *Id.* at 11. Defendants answered [ECF No. 18] and filed this motion for judgment on the pleadings [ECF No. 26].

A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6). *Ashley Cty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted). Although the factual allegations need not be detailed, they must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. When deciding a motion under Rule 12(c) or

4

12(b)(6), "courts are not strictly limited to the four corners of complaints," but may consider other matters, including "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; without converting the motion into one for summary judgment." *Dittmer Props., L.P. v. F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013) (quotation omitted). Because Sturdevant is not represented by counsel in this matter, he is entitled to a more liberal construction of his pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pro se complaints, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson*, 551 U.S. at 94). "[I]f the essence of an allegation is discernible," the district court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation and internal quotation marks omitted); *see also* 28 U.S.C. § 1915A(b) (providing in the Prison Litigation Reform Act that "the court shall" review prisoner complaints to "identify cognizable claims"); Fed. R. Civ. P. 8(e) (requiring pleadings to "be construed so as to do justice"). Even under this liberal standard, however, "the complaint must still allege sufficient facts to support the claims advanced." *Sandknop v. Mo. Dep't of Corr.*, 932 F.3d 739, 741 (8th Cir. 2019).

Sturdevant's claims for declaratory and injunctive relief must be dismissed as moot because he is no longer incarcerated at the Sherburne County Jail. The United States Constitution limits the subject-matter jurisdiction of federal courts to ongoing cases and

controversies. *See* U.S. CONST. art. III, § 2, cl. 1. "[A]n actual [case or] controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013) (citations and internal quotation marks omitted). The Eighth Circuit has held repeatedly that a prisoner's claims for declaratory and injunctive relief related to confinement conditions are mooted when he is released or transferred to another facility and is no longer subject to the alleged unlawful conditions. *See*, *e.g.*, *Munt v. Minn. Dep't of Corr.*, 745 F. Appx. 656, 656 (8th Cir. 2018) (unpublished per curiam) (citing *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012) (per curiam)); *Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 835 (8th Cir. 2009); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). The record shows that Sturdevant was transferred to another jail and then released following his sentencing. *See* Notice of Change of Address [ECF No. 20, 23]. He has not returned to the Sherburne County Jail. *See* Notice of Change of Address [ECF No. 33]. No exception to mootness applies. *See Smith*, 190 F.3d at 855 ("capable-of-repetition-yet-evading-review" exception to mootness did not apply to former prisoner who argued he was likely to be subject to the same allegedly unlawful conditions again); *Hickman v. Missouri*, 144 F.3d 1141, 1142–44 (8th Cir. 1998) ("capable-of-repetition" and "voluntary cessation" exceptions did not apply to paroled plaintiffs who argued they were likely to violate parole); *Spencer v. Kemna*, 91 F.3d 1114, 1117–18 (8th Cir. 1996) ("collateral consequences" of parole revocation were "too speculative to overcome a finding of mootness" where plaintiff was released and discharged from parole prior to final disposition of complaint). Sturdevant also has not alleged or presented any evidence that

6

Defendants attempted to evade the Court's jurisdiction by having him transferred or released. *See Smith*, 190 F.3d at 855. Because Sturdevant's claims for declaratory and injunctive relief are moot, these claims must be dismissed for lack of subject-matter jurisdiction.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, bars Sturdevant's claim for compensatory damages because he fails to allege a physical injury resulting from Defendants' acts. The PLRA places limits on civil lawsuits "brought with respect to prison conditions under section 1983 of [Title 42], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility." 42 U.S.C. § 1997e. One of these limits is that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id.* § 1997e(e) ("Limitation on recovery"). Sturdevant's claim is not exempt from the PLRA because he is no longer in custody. The PLRA applies to any civil lawsuit concerning "prison conditions" brought under federal law by an incarcerated plaintiff, even if the plaintiff is released from custody before the lawsuit's conclusion. *See*, *e.g.*, *Jefferson v. Roy*, No. 16-cv-3137 (WMW/SER), 2019 WL 4013960, at *2–3 (D. Minn. Aug. 26, 2019). Though the Eighth Circuit has not addressed the question, "the majority of circuits . . . have concluded that the relevant time when determining the applicability of the PLRA is the date when the lawsuit was filed." *Id.* at *2 (collecting cases). The Eighth Circuit has held that the PLRA's requirement that claims of "mental or emotional injury" include "a prior showing of physical injury," 42 U.S.C. § 1997e(e), "applies to 'all federal actions brought by prisoners,' including actions alleging violation of the First Amendment." *Sisney v. Reisch*,

7

674 F.3d 839, 843 (8th Cir. 2012) (quoting *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004)). An incarcerated plaintiff is thus barred from recovering damages on a First Amendment claim if the claim contains "no allegation of physical injury." *Id.*; *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("[A] prisoner must allege or prove more than mental or emotional injury. We interpret the PLRA to require more than a *de minimis* physical injury.") (citation omitted). Sturdevant claims that, as a result of the Jail's restrictions on his exercise of his religious beliefs, he suffered "emotional, mental anguish and misery" and "distress." Compl. at 7–8. He has not, however, alleged any physical injury. For this reason, Sturdevant's claim for compensatory damages must be dismissed.

Sturdevant's punitive-damages claim must be assessed using a different standard, but Sturdevant's complaint doesn't meet this standard. The Eighth Circuit has concluded that § 1997e(e) of the PLRA does not "bar recovery for *all* forms of relief" where a plaintiff pleads only a mental or emotional injury, just compensatory damages. *Royal*, 375 F.3d at 723 (emphasis added). A plaintiff is still "free to seek nominal damages, punitive damages, injunctive relief and a declaratory judgment." *Id.* "Punitive damages may be awarded under 42 U.S.C. § 1983 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Schaub v. VonWald*, 638 F.3d 905, 922 (8th Cir. 2011) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Proving reckless indifference "requires evidence that the defendant acted 'in the face of a perceived risk that [his or her] actions [would] violate federal law.'" *Swipies v. Kofka*, 419 F.3d 709, 718 (8th Cir. 2005) (alterations in original) (quoting *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536 (1999)).

Here, Sturdevant alleges the legal conclusion that Defendants acted "willfully and knowingly and with complete deliberate indifference" to his constitutional rights. Compl. at 6. But he alleges no facts in support of this claim. (What evidence he has provided in exhibits attached to his complaint shows that Defendants acted in accordance with Sherburne County Jail policies on religious accommodations.). Because he has not pleaded any facts that would support a finding that the Defendants were motivated by evil motive or intent, Sturdevant's claim for punitive damages also must be dismissed.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Defendants' Motion for Judgment on the Pleadings [ECF No. 26] is **GRANTED**.

2. Plaintiff's Motion to Deny Defendants' Motion to Dismiss [ECF No. 35] is **DENIED**.

3. Plaintiff's claims for prospective declaratory and injunctive relief are **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

4. Plaintiff's claims for damages are **DISMISSED** with prejudice and on the merits.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 25, 2020    s/ Eric C. Tostrud
                         Eric C. Tostrud
                         United States District Court